UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD SATISH EMRIT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | MISC. ACTION NO. 2:20-MC-00316 |
| | § | |
| BETSY DEVOS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Ronald Satish Emrit has filed this *pro se* complaint. Although this is his first lawsuit in the Southern District of Texas, Emrit is a serial *pro se* filer of frivolous complaints in federal court, and this case is no exception. *See, e.g., Emrit v. Federal Bureau of Investigation*, 2020 WL 731171 *1 n.1 (S.D. Ca. Feb. 13, 2020) (discussing Emrit's history). Along with his complaint, Emrit filed an application to proceed *in forma pauperis*, which the undersigned granted in a separate motion. Now, for the reasons discussed further below, it is recommended that Emrit's complaint be dismissed as frivolous pursuant to the *sua sponte* screening provisions in 28 U.S.C. § 1915(e)(2)(B).

An *in forma pauperis* proceeding may be dismissed *sua sponte* under § 1915(e)(2)(B) if "the action or appeal (i) is frivolous; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action may be dismissed as frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A dismissal for frivolousness may occur at any time, before or after service of

process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). *Pro se* status does not, however, offer a plaintiff "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Here, as an initial matter, Emrit's complaint could be transferred based on improper venue because his allegations contain no connection to the Southern District of Texas. (*See generally* D.E. 1-1). However, while it would be expedient to transfer this case to a different venue, the undersigned concludes that the better course of action would be to dismiss the case at the outset rather than burden another court with a facially frivolous suit.

Liberally construed, Emrit alleges in his complaint that, as a result of his student loans being placed in default, his disability checks are being improperly garnished at a rate of 15%. (*See* D.E. 1-1 at 10-11). Based on this allegation, Emrit raises the following claims: (1) breach of contract; (2) violation of his equal protection rights under the Fifth and Fourteenth Amendments; (3) violation of his due process rights under the Fifth and Fourteenth Amendments; (4) violation of the privileges and immunities clause; (5) violation of 42 U.S.C. § 1983; (5) violation of Title VII of the Civil Rights Act of 1964; (6) violation of the Americans With Disabilities Act ("ADA"); (7) negligence; (8) intentional infliction of emotional distress; and (9) tortious invasion of privacy. (*Id.* at

11-22).

However, each of these claims is conclusory and patently frivolous.  In each claim, Emrit recites the relevant law, but does not draw a connection between the factual allegations in his complaint and any of the legal claims.  (*See id.*).  First, Emrit does not identify any contract that has been breached.  (*Id.* at 11-14).  Second, Emrit's constitutional and Title VII claims are based on the fact that he is African-American, but he draws no connection between his race and the garnishment of his disability checks beyond the conclusory contention that he is entitled to strict scrutiny.  (*Id.* at 14-18).  Third, while Emrit adequately alleges that he is disabled, his sole claim is that the garnishment of his disability checks violates the ADA, but there is no legal basis for this claim.  (*Id.* at 18-19); *Lockhart v. United States*, 546 U.S. 142, 145-46 (2005) (stating that Social Security benefits are subject to government withholding to offset defaulted student loans).  Finally, Emrit's three tort claims for negligence, intentional infliction of emotional distress, and tortious invasion of privacy merely recite the legal standards for those claims and, even liberally construed, do not draw a connection between the necessary elements of each claim and his factual allegations.  (D.E. 1-1 at 19-22).

Accordingly, because Emrit's allegations are conclusory and lack an arguable basis in law and fact, it is recommended that his complaint be dismissed as frivolous under § 1915(e)(2)(B).  Further, although this is the first time Emrit has filed suit in this district, given his filing history throughout the country and the frivolousness of his present complaint, it is recommended that Emrit be warned that he could be subject to sanctions, including filing restrictions, should he continue to file frivolous suits in this

district.

    Respectfully submitted this 19th day of February, 2020.

                                                        _____
                                                        Julie K. Hampton
                                                        United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).